# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Case No:

NEIL ZLOZOWER,

        Plaintiff,

    v.

H5H PRODUCTION LLC AND HDNET
ENTERTAINMENT LLC D/B/A AXS TV,

        Defendants.

**DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiff Neil Zlozower ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against Defendants H5H Production LLC ("*H5H*") and HDNet Entertainment LLC d/b/a AXS TV ("*AXS TV*") (collectively H5H and AXS TV are referred to as "*Defendants*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff created a series of photographs (hereinafter the images are referred to collectively as the "*Photographs*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendants produced the television show "Music Mayhem" ("Music Mayhem") which is available for streaming on Philo TV at domain www.philo.com (the "*Streaming Service*").

4. In creating Music Mayhem, Defendants, without permission or authorization from Plaintiff, actively copied and displayed the Photographs as part of the episodes and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

5. Plaintiff Neil Zlozower is an individual who is a citizen of the State of California and maintains a principal place of business in Los Angeles County, California.

6. Upon information and belief, Defendants H5H Production LLC, is a Colorado limited liability company with a principal place of business at 9655 East 25th Avenue, Suite 110, Aurora, Colorado.

7. Upon information and belief, Defendants HDNet Entertainment LLC d/b/a AXS TV, is a Delaware limited liability company with a principal place of business at 8269 E. 23rd Ave, Denver, Colorado.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Defendants because it maintains its principal place of business in Colorado.

10. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendants does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**FACTS COMMON TO ALL CLAIMS**

**A.  Plaintiff's Copyright Ownership**

11. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

12. Plaintiff is a renowned rock photographer with a career spanning over 50 years, capturing legendary bands like The Rolling Stones, Van Halen, Guns N' Roses, and Mötley Crüe.

13. Starting at age 14, Plaintiff's iconic images have graced over 800 magazine covers and countless album sleeves.

14. Plaintiff has published five photography books, including *Van Halen: A*

2

*Visual History and Six-String Heroes*, showcasing his deep connection to rock and roll.

15. Plaintiff's 2005 world premiere exhibit at Musichead Gallery was a milestone that highlighted his incredible influence on rock photography and solidified his legacy as one of rock's most iconic and collectible photographers.

16. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

17. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

18. Plaintiff created a close-up photograph of American singer and songwriter Axl Rose in front of a gray backdrop ("*Photograph 1*"). A copy of Photograph 1 is attached hereto collectively as Exhibit 1.

19. In creating Photograph 1, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

20. On January 31, 2017, Photograph 1 was deposited with and registered by the USCO under Registration No. VA 2-042-825 ("*825 Registration*"). A copy of the 825 Registration is attached hereto as Exhibit 3.

21. Plaintiff created a photograph of American singer and songwriter Axl Rose in front of a red backdrop ("*Photograph 2"*). A copy of Photograph 2 is attached hereto collectively as Exhibit 1.

22. In creating Photograph 2, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

23. On January 31, 2017, Photograph 2 was registered by the USCO under the

825 Registration.

24. Plaintiff created a photograph of American musician Vincent "Vince" Neil ("*Photograph 3*"). A copy of Photograph 3 is attached hereto collectively as Exhibit 1.

25. In creating Photograph 3, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

26. On July 14, 2016, Photograph 3 was deposited with and registered by the USCO under Registration No. VA 2-013-034 ("*034 Registration*"). A copy of the 034 Registration is attached hereto as Exhibit 4.

27. Plaintiff created a photograph of American musician David "Dave" Mustaine ("*Photograph 4*"). A copy of Photograph 4 is attached hereto collectively as Exhibit 1.

28. In creating Photograph 4, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

29. On June 3, 2016, Photograph 4 was deposited with and registered by the USCO under Registration No. VA 2-009-993 ("*993 Registration*"). A copy of the 993 Registration is attached hereto as Exhibit 5.

30. Plaintiff created a photograph of American musician Nikki Sixx performing ("*Photograph 5*"). A copy of Photograph 5 is attached hereto collectively as Exhibit 1.

31. In creating Photograph 5, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

32. On July 14, 2014, Photograph 5 was deposited with and registered by the USCO under Registration No. VA 1-921-420 ("*420 Registration*"). A copy of the 420

Registration is attached hereto as Exhibit 6.

33. Plaintiff created a photograph of American musician Nikki Sixx playing guitar ("*Photograph 6*"). A copy of Photograph 6 is attached hereto collectively as Exhibit 1.

34. In creating Photograph 6, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

35. On July 14, 2014, Photograph 6 was registered by the USCO under Registration No. VA 1-921-420.

36. Plaintiff created a zoomed-out photograph of American singer and songwriter Axl Rose in front of a gray backdrop ("*Photograph 7*"). A copy of Photograph 7 is attached hereto collectively as Exhibit 1.

37. In creating Photograph 7, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

38. On January 31, 2017, Photograph 7 was registered by the USCO under the 825 registration.

39. Plaintiff created a photograph of British-American singer Saul Hudson, professionally known as Slash ("*Photograph 8*"). A copy of Photograph 8 is attached hereto collectively as Exhibit 1.

40. In creating Photograph 8, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

41. On March 3, 2022, Photograph 8 was registered by the USCO under

5

Registration No. VA 2-294-290 (the "*290 Registration*"). A copy of the 290 Registration is attached hereto as Exhibit 7.

42. Plaintiff created the Photographs with the intention of them being used commercially and for the purpose of display and/or public distribution.

**B.     Defendants' Infringing Activity**

43. Defendants are jointly listed as the producers of responsible for "Music Mayhem" content on the Streaming Service.

44. The "Music Mayhem" content on the Streaming Service is a key component of Defendants' popular and lucrative commercial enterprise.

45. Upon information and belief, Defendants are sophisticated media companies which own a comprehensive portfolio of digital marketing platforms and has advanced operational and strategic expertise in the media industry where copyright is prevalent.

46. Upon information and belief, Defendants' staff have significant experience in copyright matters and are familiar with specific practices including the need to ensure that images used in their articles have been properly licensed.

47. Upon information and belief, Defendants have not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendants' reach, capabilities, and level of sophistication.

48. Upon information and belief, Defendants' internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

49. Defendants' failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

50. Defendants displayed the Photographs as part of "Music Mayhem" content which it distributed via the Streaming Service at URLs:

https://www.philo.com/player/player/vod/Vk9EOjYwODU0ODg5OTY0ODc0ODIyNg ("*Infringements 1-3 and 6-14*") and https://www.philo.com/player/player/vod/Vk9EOjYwODU0ODg5OTY0ODc0OTAwNA ("*Infringements 4-5*"). Copies of screengrabs of the Streaming Service including the Photographs are attached hereto collectively as <u>Exhibit 2</u>.

51. Without permission or authorization from Plaintiff, Defendants volitionally copied and displayed Plaintiff's copyright protected Photographs.

52. Plaintiff first observed the Infringements on June 24, 2024.

53. Upon information and belief, the Photographs were copied and displayed by Defendants without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photographs (hereinafter the unauthorized uses set forth above are referred to collectively as the "*Infringements*").

54. The Infringements are copies of Plaintiff's original images that were directly copied and displayed by Defendants.

55. Upon information and belief, Defendants were aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendants cannot claim that they were not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendants.

56. Upon information and belief, Defendants engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

57. Upon information and belief, Defendants had complete control over and actively reviewed and monitored the content posted on the Streaming Service.

58. Upon information and belief, Defendants have the legal right and ability to control and limit the infringing activities on its Streaming Service and exercised and/or had the right and ability to exercise such right.

59. Upon information and belief, Defendants have received a financial benefit directly attributable to the Infringements.

60. Upon information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Streaming Service.

61. Upon information and belief, Defendants at all times have had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

62. Defendants' use of the Photographs harmed the actual market for the Photographs.

63. Defendants' use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

64. On September 2, 2024, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendants' infringement of Plaintiff's rights-protected work.

65. Despite Plaintiff's efforts and willingness to address Defendants' infringing activity, Defendants failed to respond, and Plaintiff was forced to seek judicial intervention for Defendants' infringing activity.

66. As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

67. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

68. The Photographs are original, creative works in which Plaintiff owns valid copyrights.

69. The Photographs are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

70. Plaintiff has not granted Defendants a license or the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendants.

71. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendants improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

72. Defendants' reproduction of the Photographs and display of the Photographs constitutes willful copyright infringement.

73. Upon information and belief, Defendants willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, in that Defendants used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photographs without Plaintiff's consent or authority, by using them on the Streaming Service.

74. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendants for each infringement pursuant to 17 U.S.C. § 504(c).

75. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendants.

76. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## **JURY DEMAND**

77. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendants has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendants infringed Plaintiff's copyright interest in and to the Photographs by copying and displaying them without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendants for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: October 10, 2024

                                      **SANDERS LAW GROUP**

By:   */s/ Craig Sanders*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 130384

*Attorneys for Plaintiff*